## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

_____

| | |
|---|---|
| MELISSA RENEE GOODALL, ) | |
| ) | |
| JEREMY WAYDE GOODALL, ) | |
| ) | |
| SHAUNA LEIGH ARRINGTON, ) | |
| ) | |
| JEFFERY PHILLIP ARRINGTON, ) | |
| ) | |
| KARLA JO KROEKER, ) | |
| ) | |
| RYAN MARK TIPPLE, ) | |
| ) | |
| REP. DOUGLAS LAMBORN, and ) | |
| ) | |
| LAMBORN FOR CONGRESS ) | |
| ) | |
| *Plaintiffs*, ) | Civ. Action No.: _____ |
| ) | |
| vs. ) | |
| ) | |
| WAYNE W. WILLIAMS, in his official capacity as ) | |
| Colorado Secretary of State ) | |
| ) | |
| *Defendant*. ) | |

---

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

---

1.  This Complaint challenges Colorado Revised Statutes § 1-4-905(1) as an unconstitutional abridgment of Plaintiffs' First Amendment rights to free speech and freedom of association.

2.  This statute requires that persons who circulate nominating petitions for candidates for public elective office to place major political candidates on the primary election ballot must be residents of the state of Colorado, registered to vote, and affiliated with the political party

1

mentioned in the petition at the time the petition is circulated, as shown by the registration books of the county clerk and recorder, as interpreted by the Colorado Supreme Court.

3. This Complaint seeks a declaratory judgment that Section § 1-4-905(1) violates the First Amendment. This Complaint also seeks a permanent injunction directing the Colorado Secretary of State, and all Defendants' agents and successors, including but not limited to the county clerk and recorder of each county within Colorado's Fifth Congressional District, from enforcing Colorado Revised Statutes § 1-4-905(1). Equitable relief is necessary because there is no adequate remedy at law.

4. Preliminary injunctive relief is also necessary because the State of Colorado will hold primary elections on June 26, 2018. *See* C.R.S. §§ 1-4-101(1), 1-7-101(1). The deadline and last day for the Colorado Secretary of State to deliver to the county clerk and recorder of each county a certificate in writing of the primary election ballot order and content for each county is April 27, 2018, no later than sixty days before the primary election. *See* C.R.S. § 1-5-203(1)(a). There is simply insufficient time between now and when the election machinery begins for Plaintiffs to obtain an adequate remedy absent the granting of a preliminary injunction.

5. Due to the impending election-related deadlines, including deadlines relating to the printing and transmission of primary election ballots, a preliminary injunction is necessary to avoid violating Plaintiffs' First Amendment rights.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs challenge Colorado law as violating Plaintiffs' rights guaranteed under the First Amendment to the U.S. Constitution.

7.   Federal question jurisdiction is also appropriate because this action is brought pursuant to 42 U.S.C. § 1983 as Colorado has violated Plaintiffs' constitutional rights under the color of state law. *See* 28 U.S.C. § 1343; *see also id*. § 1331.

8.   This Court is authorized to issue the requested injunctive relief pursuant to 42 U.S.C. § 1983 and Federal Rule of Civil Procedure 65.

9.   This Court is authorized to award attorneys' fees pursuant to 42 U.S.C. § 1988.

10. Venue is proper in this Court because the defendant is the Colorado Secretary of State, and resides and has his office in the State of Colorado. Additionally, some Plaintiffs have their offices or reside within the State of Colorado. *See* 28 U.S.C. § 1391(b)(1), (2012).

11. In addition, all of the events that give rise to Plaintiffs' claims occurred within the State of Colorado. *See id*. § 1391(b)(2).

## PLAINTIFFS

12. Melissa Renee Goodall is a registered Colorado voter who resides within Colorado's Fifth Congressional District, is affiliated with the Republican Party, and signed the nominating petition for Douglas Lamborn circulated by Mr. Tipple on January 21, 2018, on Petition Section 23, page 3, line 29. Melissa Renee Goodall resides at 2450 Amberwood Lane, Colorado Springs, Colorado 80920. The signature of Mrs. Goodall was accepted by the Colorado Secretary of State as valid as part of the initial finding of sufficiency of the nominating petition for Douglas Lamborn for the 2018 Republican primary election. Mrs. Goodall has standing because her lawful signature as a registered Republican elector in the Fifth Congressional District was wrongly invalidated, violating Mrs. Goodall's core First Amendment right of association to place Congressman Lamborn's name on the Republican primary ballot for the 2018 elections.

13. Jeremy Wayde Goodall is a registered Colorado voter who resides within Colorado's Fifth Congressional District, is affiliated with the Republican Party, and signed the nominating petition for Douglas Lamborn circulated by Mr. Tipple on January 21, 2018, on Petition Section 29, page 3, line 28. Jeremy Wayde Goodall resides at 2450 Amberwood Lane, Colorado Springs, Colorado 80920. The signature of Mr. Goodall was accepted by the Colorado Secretary of State as valid as part of the initial finding of sufficiency of the nominating petition for Douglas Lamborn for the 2018 Republican primary election. Mr. Goodall has standing because his lawful signature as a registered Republican elector in the Fifth Congressional District was wrongly invalidated, violating Mr. Goodall's core First Amendment right of association to place Congressman Lamborn's name on the Republican primary ballot for the 2018 elections.

14. Shauna Leigh Arrington is a registered Colorado voter who resides within Colorado's Fifth Congressional District, is affiliated with the Republican Party, and signed the nominating petition for Douglas Lamborn circulated by Mr. Tipple on January 21, 2018, on Petition Section 24, page 1, line 10. Shauna Leigh Arrington resides at 6515 Delmonico Drive, Apartment 14, Colorado Springs, Colorado 80919. The signature of Mrs. Arrington was accepted by the Colorado Secretary of State as valid as part of the initial finding of sufficiency of the nominating petition for Douglas Lamborn for the 2018 Republican primary election. Mrs. Arrington has standing because her lawful signature as a registered Republican elector in the Fifth Congressional District was wrongly invalidated, violating Mrs. Arrington's core First Amendment right of association to place Congressman Lamborn's name on the Republican primary ballot for the 2018 elections.

15. Jeffery Phillip Arrington is a registered Colorado voter who resides within Colorado's Fifth Congressional District, is affiliated with the Republican Party, and signed the nominating

4

petition for Douglas Lamborn circulated by Mr. Tipple on January 21, 2018, on Petition Section 22, page 3, line 30. Jeffery Phillip Arrington resides at 6515 Delmonico Drive, Apartment 14, Colorado Springs, Colorado 80919. The signature of Mr. Arrington was accepted by the Colorado Secretary of State as valid as part of the initial finding of sufficiency of the nominating petition for Douglas Lamborn for the 2018 Republican primary election. Mr. Arrington has standing because his lawful signature as a registered Republican elector in the Fifth Congressional District was wrongly invalidated, violating Mr. Arrington's core First Amendment right of association to place Congressman Lamborn's name on the Republican primary ballot for the 2018 elections.

16. Karla Jo Kroeker is a registered Colorado voter who resides within Colorado's Fifth Congressional District, is affiliated with the Republican Party, and signed the nominating petition for Douglas Lamborn circulated by Mr. Tipple on January 18, 2018, on Petition Section 20, page 1, line 4. Karla Jo Kroeker resides at 18475 West Way, Monument, Colorado 80132. Mrs. Kroeker is an active member and chaplain of the Sunrise Republican Women's Club, and is a precinct committeeperson with the El Paso County Republican Party. The signature of Mrs. Kroeker was accepted by the Colorado Secretary of State as valid as part of the initial finding of sufficiency of the nominating petition for Douglas Lamborn for the 2018 Republican primary election. Mrs. Kroeker has standing because her lawful signature as a registered Republican elector in the Fifth Congressional District was wrongly invalidated, violating Mrs. Kroeker's core First Amendment right of association to place Congressman Lamborn's name on the Republican primary ballot for the 2018 elections.

17. Ryan Mark Tipple is a registered Colorado voter and is affiliated with the Republican Party, and when he registered to vote on May 9, 2016, he claimed as his residence for purposes

of voter registration his previous residence and the current address at his in-laws of 2450 Amberwood Lane, Colorado Springs, Colorado 80920.  Colorado Springs is a city within El Paso County. The current primary or principal place of abode of Ryan Mark Tipple is 1237 Teal Avenue, Ventura, California 93003.

18. Mr. Tipple served as a circulator for candidate petitions on behalf of incumbent Congressman Doug Lamborn for the 2018 Republican primary election. Mr. Tipple also specifically wants to serve as a circulator for nominating petitions for major political party candidates in upcoming elections in the State of Colorado.  Mr. Tipple has standing because signatures he collected while a registered Colorado elector were wrongly invalidated by the Colorado Supreme Court – after the fact – invalidating his support for Congressman Lamborn and irreparably harming his reputation as a petition circulator.

19. Douglas Lamborn resides at 2190 Mulligan Drive, Colorado Springs, Colorado 80920. Colorado Springs is a city within El Paso County. Mr. Lamborn is a registered Colorado voter, is affiliated with the Republican Party, and is currently serving as a Member of Congress, representing Colorado's Fifth Congressional District in the United States House of Representatives, having been first elected to Congress in 2006.

20. Lamborn for Congress is the authorized and principal campaign committee of Douglas Lamborn, and is registered with the Federal Election Commission as a federal political committee with FEC Committee ID No. C00420745.  The mailing address of Lamborn for Congress is P.O. Box 64107, Colorado Springs, Colorado 80962.  The federal campaign committee treasurer for Lamborn for Congress is Jean A. Lamborn, residing at 2190 Mulligan Drive, Colorado Springs, Colorado 80920. Mrs. Lamborn is also a registered Colorado voter, affiliated with the Republican Party, and is the spouse of Congressman Doug Lamborn.

21. Plaintiffs Melissa Renee Goodall, Jeremy Wayde Goodall, Shauna Leigh Arrington, Jeffery Phillip Arrington, Karla Jo Kroeker, and similarly situated Republican voters residing in Colorado's Fifth Congressional District, are prohibited from exercising their rights guaranteed under the First Amendment to the United States Constitution to have their signatures count towards the nominating petitions of Douglas Lamborn because of Colorado Revised Statutes § 1-4-905(1).

22. Plaintiff Ryan Mark Tipple is prohibited from exercising his rights guaranteed under the First Amendment to the United States Constitution to serve as a circulator of major political party candidate petitions in the State of Colorado because of Colorado Revised Statutes § 1-4-905(1).

23. Plaintiff Congressman Douglas Lamborn will be harmed by the application of Colorado Revised Statutes § 1-4-905(1) as this state law is being interpreted and applied so as to invalidate lawful signatures of eligible electors in the Fifth Congressional District to place Congressman Lamborn's name on the primary ballot, denying him a place on the Republican primary ballot and the ability to be the Republican nominee for the Fifth Congressional District general election, and thus depriving the voters of the Fifth Congressional District the opportunity to re-elect Congressman Lamborn to the United States House of Representatives.

## **DEFENDANT**

24.   Wayne W. Williams is the Secretary of State for the State of Colorado.  Mr. Williams is sued only in his official capacity.

25.   The Colorado Secretary of State is sued because, by statute, the Colorado Secretary of State is the chief elections official of the State with the duty "[t]o supervise the conduct of primary, general, congressional vacancy, and statewide ballot issue elections" in the State of

Colorado, and is required to review all petition information, including verifying the information against voter registration records and comparing each signature on a candidate petition with the signature of the eligible elector stored in the statewide voter registration system, to determine whether a candidate nominating petition is sufficient or insufficient. *See* Colorado Revised Statutes §§ 1-1-107 and 1-4-908.

26.   The Colorado Secretary of State must also deliver to the county clerk and recorder of each county a certificate in writing of the primary election ballot order and content of the ballot for each county no later than April 27, 2018, sixty days before the primary election.  *See* Colorado Revised Statutes § 1-5-203(1)(a).

## THE FIRST AMENDMENT AND STANDARD FOR JUDICIAL REVIEW

27. The First Amendment declares in no uncertain terms that "Congress shall make no law . . . abridging the freedom of speech . . . or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." *See* U.S. Const. amend. I.

28. This case involves violation of a fundamental part of the First Amendment – the right of association.

29. The First Amendment is "[p]remised on mistrust of governmental power" and is at "'its fullest and most urgent application' to speech uttered during a campaign for political office." *Citizens United v. FEC*, 558 U.S. 310, 339-40 (2010).

30. The First Amendment "was fashioned to assure unfettered interchange of ideas for the bringing about of political and social changes desired by the people."  *Meyer v. Grant*, 486 U.S. 414, 421 (1988) (quoting *Roth v. United States*, 354 U.S. 476, 484 (1957)).

31. Speech concerning salient political issues is constitutionally enshrined because it is "the type of speech [that is] indispensable to decision making in a democracy[.]" *First Nat'l Bank v. Bellotti*, 435 U.S. 765, 776-77 (1978).

32. A person's ability to exercise their rights guaranteed under the First Amendment is "'undeniably enhanced by group association.'" *Buckley v. Valeo*, 424 U.S. 1, 15 (1976) (quoting *NAACP v. Alabama*, 357 U.S. 449, 460 (1958)). Both the First and the Fourteenth Amendments, therefore, guarantee the "'freedom to associate with others for the common advancement of political beliefs and ideas….'" *Kusper v. Pontikes*, 414 U.S. 51 at 56 (1973); *see also Anderson v. Celebrezze*, 460 U.S. 780, 787 (1983) ("'[T]he right of individuals to associate for the advancement of political beliefs . . . rank[s] among our most precious freedoms.'").

33. The First Amendment – through the Fourteenth Amendment – applies to state government action.

34. The United States Supreme Court has held that petition circulation is "core political speech, because it involves interactive communication concerning political change." *Buckley v. Am. Constitutional Law Found.*, 525 U.S. 182, 186 (1999) (internal quotation marks omitted); *ACLF*, 525 U.S. at 186, 119 S.Ct. 636 (quoting *Meyer*, 486 U.S. at 422, 108 S.Ct. 1886). "First Amendment protection for such interaction . . . is at its zenith." *Id*. at 187 (internal quotation marks omitted).

35. It is well settled law that "[w]hen state elections laws subject speech, association, or the right to vote to 'severe restrictions, the regulation must be narrowly drawn to advance a state interest of compelling importance.'" *Burdick v. Takushi*, 504 U.S. 428, 434 (1992).  Strict scrutiny demands state regulations "impos[ing] 'severe burdens' on speech . . . be narrowly

tailored to serve a compelling state interest." *Buckley v. Am. Constitutional Law Found*., 525 U.S. at 192 n. 12, 119 S.Ct. 636 (quoting Thomas, J., concurring in judgment).

36. Strict scrutiny is applicable "where the government restricts the overall quantum of speech available to the election or voting process. [It] is employed where the quantum of speech is limited due to restrictions on . . . the available pool of circulators or other supporters of a candidate or initiative, as in *ACLF* and *Meyer*." *Campbell v. Buckley*, 203 F.3d 738, 745 (10th Cir.2000). As the Third Circuit recently articulated in a recently announced decision concerning a New Jersey statute nearly identical to the circulator eligibility requirements required by Colorado Revised Statutes § 1-4-905(1), the federal court explained that "[s]ince the turn of the century, a 'consensus has emerged' that laws imposing residency restrictions upon circulators of nominating petitions 'are subject to strict scrutiny analysis.'" *Wilmoth v. Secretary of the State of New Jersey*, No. 17-1925, filed April 19, 2018 (3rd Cir. 2018) (citing *Libertarian Party of Virginia v. Judd*, 718 F.3d 308, 316-17 (4th Cir. 2013) (citing *Yes on Term Limits, Inc. v. Savage*, 550 F.3d 1023, 1030-31 (10th Cir. 2008) (overturning, under strict scrutiny review, Oklahoma's prohibition on nonresident circulators of initiative petitions); *Nader v. Blackwell*, 545 F.3d 459, 475-76 (6th Cir. 2008) (finding Ohio's ban on nonresident circulators of nomination petitions unconstitutional under strict scrutiny review); *Nader v. Brewer*, 531 F.3d 1028, 1038 (9 Cir. 2008) (declaring unconstitutional, under strict scrutiny review, Arizona law requiring circulators of nomination petitions to be in-state residents).

37. Colorado's petition circulator registered voter requirement is properly subject to strict scrutiny. *See Buckley v. Am. Constitutional Law Found*., 525 U.S. at 192 n.12 (declaring unconstitutional Colorado's initiative petition laws because they "significantly inhibit[ed]

communication with voters about proposed political change and [were] not warranted by the state interests . . . alleged to justify those restrictions").

38. The import of the strict-scrutiny test in *Am. Constitutional Law Foundation* is further demonstrated by Chief Justice Rehnquist's dissent whereby he observes that the majority's opinion cast doubt on the constitutional validity of Colorado Revised Statutes § 1-4-905(1), and a number of other state laws that required petition circulators to be residents or registered voters. *See Am. Constitutional Law Found.*, 525 U.S. at 232 & n.3.

39. Chief Justice Rehnquist's dissent has proven true in federal and state courts in a variety of jurisdictions around the country. *See, e.g., Libertarian Party of Virginia v. Judd*, 718 F.3d 398 (4th Cir. 2013) (applying strict scrutiny to Virginia residency requirement); *Yes on Term Limits, Inc. v. Savage*, 550 F.3d 1023 (10th Cir. 2008) (applying strict scrutiny to Oklahoma prohibition on nonresident circulators of initiative petitions); *Nader v. Blackwell*, 545 F.3d 459 (6th Cir. 2008) (applying strict scrutiny to Ohio ban on nonresidents circulating nominating petitions); *Nader v. Brewer*, 531 F.3d 1028 (9th Cir. 2008) (applying strict scrutiny to residency provisions relating to nominating petitions and circulator-witnesses); *Lerman v. Bd. of Elections*, 232 F.3d 135 (2d Cir. 2000) (declaring unconstitutional N.Y. Elec. Law § 6-132(2), and finding that the residency requirement for petition circulators served "no essential function." (quoting *Rockefeller v. Powers*, 917 F. Supp. 155, 161 (E.D.N.Y. 1996), *aff'd*, 78 F.3d 44, 46 (2d Cir. 1996).); *Chou v. N.Y. State Bd. of Elections*, 332 F. Supp. 2d 510, 516 (E.D.N.Y. 2004) (declaring unconstitutional N.Y. Elec. Law § 6-140(1)(b), and holding that requiring that witnesses for nominating petitions of independent candidates must be residents burdens free speech and associational rights by limiting the number of people who can witness petitions without promoting any compelling state interest.); *LaBrake v. Dukes*, 758 N.E.2d 1110 (N.Y.

2001) (declaring unconstitutional N.Y. Elec. Law § 6-132(2)); *McGuire v. Gamache*, 840 N.E.2d 107 (N.Y. 2005) (declaring unconstitutional N.Y. Elec. Law § 6-140(1)(b)).

40. The Tenth Circuit has already held residency requirements unconstitutional.  In *Chandler v. City of Arvada, Colorado*, 292 F.3d 1236 (10th Cir. 2002).  Tenth Circuit determined that a municipal ordinance requiring petition circulators to be Arvada residents was not vital to and substantially broader than necessary to ensure the petition process' integrity and therefore the requirements of residency and eligibility to vote that the City of Arvada sought to impose upon circulators were unconstitutional. *Id.* at 1244.

## Colorado Law

41. Colorado law has long provided that candidates for public office of a major political party have two legal and entirely legitimate mechanisms to gain access to a major political party's primary election ballot and thereby win their party's nomination.  Colorado Revised Statutes § 1-4-102 provides that candidates for nominations to be made at any primary election may be placed on the primary election ballot either by certificate of designation by a political party assembly or by petition.

42. Colorado Revised Statutes § 1-4-801 and §§ 1-4-901 through 1-4-908 outlines the requirements and process by which candidates may be placed on the primary election ballot by nominating petition.  Candidates for political party nominations to be made by a primary election may be placed on the primary election ballot by petition.  In the case of candidates for any district office greater than a county office, including a candidate for a Member of Congress seeking ballot access by petition, such candidate petition must be signed by one thousand eligible electors residing in the district and affiliated with the same political party as the candidate seeking such nomination (or by eligible electors equal to thirty percent of the votes cast in the

district at the prior primary election for the political party's candidate for the office for which the petition is being circulated, if fewer than one thousand). *See* Colorado Revised Statutes § 1-4-801.

43. Colorado law requires that persons who circulate nominating petitions for major party candidates must be residents of the State of Colorado, registered to vote, and affiliated with the same political party of the candidate mentioned in the petition at the time the petition is circulated, as shown by the registration books of the county clerk and recorder. Colorado Revised Statutes § 1-4-905(1).

44. In the case of candidates for the United States Congress seeking access to the primary election ballot of a major political party, the Colorado Secretary of State is required to approve a petition format, and then review all petition information submitted by a candidate, including verifying the information in the petition against voter registration records and comparing each signature on a candidate petition with the signature of the eligible elector stored in the statewide voter registration system, in order to determine whether a candidate nominating petition is sufficient or insufficient. *See* Colorado Revised Statutes §§ 1-1-107, 1-4-903, and 1-4-908.

45. After a finding of sufficiency or insufficiency of a candidate nominating petition for a Member of Congress by the Colorado Secretary of State pursuant to Colorado Revised Statutes § 1-4-908, a petition for a review of the validity of a candidate nominating petition pursuant to Colorado Revised Statutes § 1-1-113 may be filed with the state district court within five days after the Colorado Secretary of State's statement of sufficiency is issued.  *See* Colorado Revised Statutes § 1-4-909(1).

46. Colorado Revised Statutes § 1-4-905(1), as interpreted by the Colorado Supreme Court, violates the First Amendment because the statute requires petition circulators of major political

party petitions to be residents of the State of Colorado without advancing any legitimate – let alone compelling – state interest.

## FACTS

47. On January 9, 2018, Congressman Lamborn declared his candidacy for re-election and intent to seek his party's nomination through the 2018 Republican primary election to be held on June 26, 2018.

48. On January 3, 2018, a petition format was approved by the Colorado Secretary of State for Congressman Lamborn, and nominating petitions were subsequently circulated and signatures collected from Republican electors by volunteer and paid professional circulators working as independent contractors on behalf of Lamborn for Congress.

49. On March 6, 2018, nominating petitions were submitted to the Colorado Secretary of State in accordance with Colorado Revised Statutes § 1-4-801 by Lamborn for Congress in support of the designation of Doug Lamborn to the 2018 Republican primary election ballot.

50. On March 29, 2018, after the extensive line-by-line and signature verification process of petition signers as provided for in state law and in accordance with rules promulgated by the Colorado Secretary of State, Colorado Secretary of State Wayne Williams announced that Congressman Doug Lamborn had obtained the requisite number of petition signatures to successfully petition on to the 2018 Republican primary election ballot for Colorado's 5th Congressional District. The Secretary of State found that of the 1,783 petition signatures submitted in support of the designation of Doug Lamborn to the primary ballot, 1,269 of such signatures from eligible and registered Republican voters residing in Congressional District 5 were valid, well in excess of the 1,000 petition signatures required for Congressman Lamborn to obtain primary election ballot access pursuant to Colorado Revised Statutes § 1-4-801(2)(b).

51. Five voters (the "Petitioners") sued in the District Court for the City and County of Denver pursuant to Colorado Revised Statutes §§ 1-1-113 and 1-4-909, challenging the Secretary of State's finding of sufficiency of Congressman Lamborn's nominating petitions.  The state district court made both legal rulings and factual findings with respect to the residency of each of the seven petition circulators challenged by the Petitioners, finding by a preponderance of the evidence that only one of the petition circulators was not a Colorado resident and as a result disallowed 58 signatures collected by that particular circulator. The court found by a preponderance of the evidence that each of the other petitioners, including Plaintiff Ryan Mark Tipple, were in fact Colorado residents and therefore the 1,211 petition signatures they collected on behalf of Congressman Lamborn were valid.  The district court therefore upheld the finding of Secretary of State's finding sufficiency of Congressman Lamborn's nominating petition.

52. After conducting an evidentiary hearing, the state district court also made specific findings that "the Secretary of State undertook this [process of verifying petition signatures and confirming the voter registration status and residency of circulators as shown in the statewide voter registration system] and did not breach the duty, did not neglect the duty, and did not commit a wrongful act." Denver District Court Tr. 184:23-25 (transcript attached as Ex. A).  The state district court also found that "there has been zero evidence showing that the [Lamborn for Congress] campaign was aware of any impropriety, . . . afforded any impropriety, [or] looked the other way on any impropriety."  Denver District Court Tr. 85:17-21.

53. The Petitioners' appeal of the state district court's ruling and findings to the Colorado Supreme Court reversed that court's ruling and factual findings, and held that Mr. Tipple was not a resident of the State of Colorado and as such was ineligible to serve as a circulator for major party candidate nominating petitions.  The state supreme court therefore struck the 269 petition

signatures that Mr. Tipple collected, including the petition signatures of Plaintiffs Melissa Renee Goodall, Jeremy Wayde Goodall, Shauna Leigh Arrington, Jeffery Phillip Arrington, Karla Jo Kroeker, and similarly situated Republican voters residing in Colorado's Fifth Congressional District, and ruled that Congressman Lamborn's nominating petition was insufficient, denying Congressman Lamborn designation to the 2018 Republican primary election ballot.

54. At the time Mr. Tipple circulated nomination petitions for Congressman Lamborn, Mr. Tipple was a United States citizen, was affiliated with the Republican Party, had considered himself to be a resident of Colorado for the purpose of voter registration, and was registered to vote in the State of Colorado, as shown by the registration books of the county clerk and recorder and in the statewide voter registration system maintained by the Colorado Secretary of State.

55. At the time Plaintiffs Melissa Renee Goodall, Jeremy Wayde Goodall, Shauna Leigh Arrington, Jeffery Phillip Arrington, Karla Jo Kroeker, and similarly situated Republican voters residing in Colorado's Fifth Congressional District, they were and are today registered Republican electors in the Fifth Congressional District.  There is no question that their signatures on Congressman Lamborn's petition are valid, and the Colorado Supreme Court's ruling resulting in the invalidation of their signatures solely on the grounds that the person who collected their signatures – a registered Colorado elector – was not in fact a "resident" of Colorado.

56. At the time nomination petitions for Congressman Lamborn were circulated by Mr. Tipple, Douglas Lamborn and the Lamborn for Congress campaign committee relied upon the fact that Mr. Tipple was registered to vote in the State of Colorado and was affiliated with the Republican Party, as shown by the registration books of the county clerk and recorder and in the statewide voter registration system maintained by the Colorado Secretary of State.

57. The burdens on Plaintiffs' First Amendment speech rights are significant, and the State of Colorado has no legitimate interests – let alone a compelling state interest – that can withstand strict scrutiny to justify the disallowal of petition signatures that are valid simply because the person who collected them was deemed – after the fact – to not be a Colorado "resident."

58. The Colorado Supreme Court's interpretation of Colorado's petition circulator eligibility requirement codified at Colorado Revised Statutes § 1-4-905(1) – including allowing after-the-fact challenges of a petition circulator's residency – unconstitutionally restricts core political speech and deprives the Plaintiffs who signed the petitions their core political rights of speech and of association.

## COUNT I

### (Violation of First Amendment and 42 U.S.C. § 1983 Action; Circulator Residency Requirement For Major Political Party Nominating Petitions)

59. Plaintiffs incorporate paragraphs 1-58 as if fully stated herein.

60. The residency requirement of Colorado Revised Statutes § 1-4-905(1) and the striking of independently verified and otherwise valid petition signatures from candidate nominating petitions collected by persons deemed after-the-fact to be non-residents prevents the Republican voters, supporters, and constituents of Congressman Lamborn, including those of Plaintiffs Melissa Renee Goodall, Jeremy Wayde Goodall, Shauna Leigh Arrington, Jeffery Phillip Arrington, Karla Jo Kroeker, and all other similarly situated Republican voters residing in Colorado's Fifth Congressional District who signed such nominating petitions, from exercising their core political speech and associational rights guaranteed under the First Amendment.

61. Plaintiff Ryan Mark Tipple wants to exercise his First Amendment rights to free speech and association by acting as circulator for Congressman Douglas Lamborn's nominating petitions in the 2018 Republican primary election.

62. The residency requirement of Colorado Revised Statutes § 1-4-905(1) prevents Plaintiff Ryan Mark Tipple from exercising his core political speech and associational rights guaranteed under the First Amendment.

63. The residency requirement of Colorado Revised Statutes § 1-4-905(1) prevents Plaintiff Douglas Lamborn from exercising his core political speech and associational rights guaranteed under the First Amendment, and negatively impacts his authorized federal campaign committee Lamborn for Congress.

64. Colorado Revised Statutes § 1-4-905(1) directly limits core political speech, and is subject to strict scrutiny. *See, e.g., Am. Constitutional Law Found.*, 525 U.S. at 186.

65. Colorado Revised Statutes § 1-4-905(1) reduces the number of people who can act as petition circulators, burdening core political speech without any legitimate state interest – let alone a compelling state interest – that can survive strict scrutiny.

66. In *Chandler v. City of Arvada*, the City of Arvada argued its ordinance requiring circulators of initiatives, referenda, or recall petitions to be residents of Arvada was narrowly tailored to prevent fraud, malfeasance, and corruption in municipal elections within the City. 292 F.3d at 1239. The Tenth Circuit determined that the ordinance was not vital to the City's stated purpose and was substantially broader than necessary to ensure the petition process' integrity.

67. Any valid state interest in protecting the integrity of the petition process for access to the primary election ballot is satisfied, inter alia, by the new independent nominating petition verification processes conducted by the Colorado Secretary of State as set forth in Colorado Revised Statutes §§ 1-4-908(1) and (1.5), and by Rule 15.2 promulgated by the Colorado Secretary of State at 8 CCR 1505-1 requiring petition entity that intends to pay petition circulators must obtain a petition entity license and register with the Colorado Secretary of State

before circulating petitions.   The residency requirement for petition circulators in Colorado Revised Statutes § 1-4-905(1) does not serve any meaningful or essential function and Colorado is without a compelling interest to justify an after-the-fact invalidation of valid signatures gathered by Mr. Tipple on the grounds that he was not a "resident."

68. Moreover, Colorado Revised Statutes § 1-4-905(1) is not narrowly tailored. *See Chandler v. City of Arvada*, 292 F.3d at 1244 (holding that there were numerous less restrictive and more effective ways in which the law could be more narrowly tailored to achieve the state's interests, such as by "requiring the prospective [to] agree to submit to [the government's] jurisdiction . . . for the purpose of subpoena enforcement" or to make themselves available in the event of a petition contest). *See also, Libertarian Party of Virginia*, 718 F.3d at 318 ("requiring non-residents to sign agreements providing their contact information and swearing to return in the event of a protest is a more narrowly tailored option").

69. Colorado's interest in preserving the integrity of the candidate nominating petition process, the availability of circulators to testify or be called as witnesses in a petition challenge, or in the associational rights of political parties, is already served, for example, by the minimum signature requirement and the independent verification by the Colorado Secretary of State of the voter registration, political party affiliation, and individual signatures of electors who actually sign a nominating petition for a major political party candidate.

70. Under 42 U.S.C. § 1983, Colorado, under the color of state law, has violated Plaintiffs' constitutional rights.

**PRAYER FOR RELIEF**

1.   Pursuant to 28 U.S.C. §§ 2201(a), 2202, Plaintiffs request that this Court declare the residency requirement applicable to petition circulators in Colorado Revised Statutes § 1-4-905(1) unconstitutional because it violates Plaintiffs' First Amendment free speech and free associational rights.

2.   Plaintiffs request that this Court direct the Colorado Secretary of State certify Douglas Lamborn to the 2018 Republican primary election ballot in accordance with the Secretary of State's original finding of sufficiency of Congressman Lamborn's nominating petitions, and enjoin both preliminarily and permanently the Defendant and his agents and successors, including but not limited to each county clerk and recorder, from enforcing the residency and voter registration requirements applicable to petition circulators in Colorado Revised Statutes § 1-4-905(1).

3.   Plaintiffs request that this Court award Plaintiffs' attorneys their reasonable attorneys' fees pursuant to 42 U.S.C. § 1988(b).

4.   Plaintiffs request that this Court award any other relief that this Court deems just.

DATED: April 25, 2018.

Respectfully submitted,

/s/ Ryan R. Call
Ryan R. Call, Esq.
Peter Krumholz, Esq.
Richard Westfall, Esq.
HALE WESTFALL, LLP
1600 Stout Street, Suite 500
Denver, Colorado 80202
720.904.6010
720.904.6020 fax
rcall@halewestfall.com

pkrumholz@halewestfall.com
rwestfall@halewestfall.com

Plaintiffs:


MELISSA RENEE GOODALL
2450 Amberwood Lane
Colorado Springs, CO 80920

JEREMY WAYDE GOODALL
2450 Amberwood Lane
Colorado Springs, CO 80920

SHAUNA LEIGH ARRINGTON
6515 Delmonico Drive, Apartment 14
Colorado Springs, CO 80919

JEFFERY PHILLIP ARRINGTON
6515 Delmonico Drive, Apartment 14
Colorado Springs, CO 80919

KARLA JO KROEKER
18475 West Way
Monument, CO 80132

RYAN MARK TIPPLE
1237 Teal Avenue
Ventura, CA 93003

REP. DOUGLAS LAMBORN
2190 Mulligan Drive
Colorado Springs, CO 80920

LAMBORN FOR CONGRESS
P.O. Box 64107
Colorado Springs, CO 80962