IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-00980-PAB-KMT

MELISSA RENEE GOODALL,
JEREMY WAYDE GOODALL,
SHAUNA LEIGH ARRINGTON,
JEFFERY PHILLIP ARRINGTON,
KARLA JO KROEKER,
RYAN MARK TIPPLE,
REP. DOUGLAS LAMBORN, and
LAMBORN FOR CONGRESS,

      Plaintiffs,

v.

JENA GRISWOLD, in her official capacity as Colorado Secretary of State,

      Defendant.

---

**ORDER**

---

      This matter comes before the Court on the parties' Joint Motion to Consolidate

Preliminary Injunction Hearing with Trial on the Merits and for Entry of Judgment

[Docket No. 59], wherein the parties request that the Court consolidate the preliminary

injunction hearing with a trial on the merits and enter a final judgment based on the

Court's May 1, 2018 preliminary injunction order. *See* Docket No. 59 at 1-2.

      This case arises out of U.S. Congressman Douglas Lamborn's 2018 campaign

for re-election to the U.S. House of Representatives.[1] On April 3, 2018, five voters from

Colorado's Fifth Congressional District filed a petition in the District Court for the City

---

[1]A more thorough recitation of the facts underlying this lawsuit can be found in
the Court's May 1, 2018 preliminary injunction order. *See* Docket No. 44.

and County of Denver claiming that seven individuals who had circulated nominating petitions in support of Congressman Lamborn's placement on the Republican primary ballot did not live within the State of Colorado in violation of the residency requirement of Colo. Rev. Stat. § 1-4-905(1). *Kuhn v. Williams*, No. 18SA176, at *7 (Colo. 2018) (slip op.). Pursuant to that section,

> No person shall circulate a petition to nominate a candidate unless the person is a resident of the state, a citizen of the United States, at least eighteen years of age, and, for partisan candidates, registered to vote and affiliated with the political party mentioned in the petition at the time the petition is circulated, as shown in the statewide voter registration system.

Colo. Rev. Stat. § 1-4-905(1).

On April 10, 2018, the district court rejected the petitioners' challenge as to one of the circulators, Ryan Tipple. *Kuhn*, No. 18SA176, at *10. On April 23, 2018, the Colorado Supreme Court reversed, holding that Mr. Tipple was not a Colorado resident at the time that he collected the signatures on behalf of Congressman Lamborn. *Id.* at *19-20, *22. The Colorado Supreme Court invalidated the 269 signatures collected by Mr. Tipple, causing Congressman Lamborn to have collected fewer than the 1,000 signatures needed to qualify him. *Id.* at *24. As a result, the Colorado Supreme Court ruled that the "Secretary may not certify Representative Lamborn to the 2018 primary ballot for CD5." *Id*. at *25.

Plaintiffs – registered voters in Colorado's Fifth Congressional District, Mr. Tipple, Congressman Lamborn, and Lamborn for Congress – filed this lawsuit on April 25, 2018 challenging the constitutionality of Colo. Rev. Stat. § 1-4-905(1)'s circulator residency and voter registration requirements. Docket No. 1 at 1, ¶ 1; *see also id.* at

20, ¶ 2.  Plaintiffs' complaint seeks a declaratory judgment that § 1-4-905(1) violates the First Amendment, as well as an order permanently enjoining the Colorado Secretary of State, her agents, and her successors from enforcing the provision.  *Id.* at 2, ¶ 3; *see also id.* at 20, ¶¶ 1-2.

On April 25, 2018, plaintiffs moved for a preliminary injunction requiring the Colorado Secretary of State to certify Congressman Lamborn to the 2018 Republican primary ballot for the Fifth Congressional District.  Docket No. 2 at 15.  The Court held an evidentiary hearing on April 30, 2018.  Docket No. 41.  On May 1, 2018, the Court concluded that plaintiffs had "made a strong showing that they are likely to succeed on the merits of their First Amendment claim."  Docket No. 44 at 22.  The Court preliminarily enjoined the Colorado Secretary of State from enforcing Colo. Rev. Stat. § 1-4-905(1)'s circulator residency requirement and directed that Congressman Lamborn be certified to the 2018 Republican primary ballot for the Fifth Congressional District.  *Id.* at 24.  On July 30, 2018, the parties filed a joint motion requesting that the Court consolidate the preliminary injunction hearing with the trial on the merits pursuant to Fed. R. Civ. P. 65(a)(2) and enter final judgment in favor of plaintiffs.  Docket No. 59. The Court directed the parties to file a proposed order and a joint supplemental brief specifying the scope of the relief they were seeking in their motion.  Docket No. 67. The parties filed the proposed order and supplemental brief on March 18, 2019. Docket No. 68.

The parties are seeking the following forms of relief: (1) a declaration that the residency requirement of Colo. Rev. Stat. § 1-4-905(1) is unconstitutional under the First Amendment; (2) a declaration that the voter registration requirement of Colo. Rev.

Stat. § 1-4-905(1) is unconstitutional under the First Amendment; and (3) a permanent injunction prohibiting the Colorado Secretary of State from "enforcing those portions of Colo. Rev. Stat. § 1-4-905(1) that require petition circulators to be registered voters and residents of the State of Colorado." Docket No. 68-1 at 1, ¶¶ 1-3; *see also* Docket No. 68 at 3.

The Court finds the requested relief proper and will therefore grant the parties' joint motion to consolidate the preliminary injunction hearing with the trial on the merits pursuant to Fed. R. Civ. P. 65(a)(2).

In its May 1, 2018 preliminary injunction order, the Court concluded that plaintiffs were likely to succeed on the merits of their First Amendment challenge to the circulator residency requirement of Colo. Rev. Stat. § 1-4-905(1). Docket No. 44 at 22. For the same reasons set forth in that order, the Court finds that the residency requirement of Colo. Rev. Stat. § 1-4-905(1) violates the First Amendment of the U.S. Constitution and is therefore invalid.

The Court's May 1, 2018 preliminary injunction order did not specifically address the constitutionality of Colo. Rev. Stat. § 1-4-905(1)'s voter registration requirement. However, the parties assert that, "[i]f the residency requirement is unconstitutional, then the voter registration requirement is necessarily unconstitutional as well . . . . because the qualifications for voter registration include a residency requirement" pursuant to which a person must be "a resident of Colorado for 22 days prior to the election in which the person intends to vote." Docket No. 68 at 3. The Court agrees. *See* Colo. Rev. Stat. § 1-2-101(1)(b) (providing, as a condition of voter registration, that the person have "resided in this state twenty-two days immediately prior to the election at which the

person intends to vote").  Accordingly, for the reasons set forth in the Court's May 1, 2018 preliminary injunction order, the Court finds that the voter registration requirement of Colo. Rev. Stat. § 1-4-905(1) violates the First Amendment of the U.S. Constitution and is therefore invalid.

Wherefore, it is

**ORDERED** that the parties' Joint Motion to Consolidate Preliminary Injunction Hearing with Trial on the Merits and for Entry of Judgment [Docket No. 59] is **GRANTED**.  It is further

**ORDERED** that the Colorado Secretary of State is permanently enjoined from enforcing those portions of Colo. Rev. Stat. § 1-4-905(1) that require petition circulators to be registered voters and residents of the State of Colorado.  It is further

**ORDERED** that, within 14 days of this order, plaintiffs may have their costs by filing a Bill of Costs with the Clerk of the Court.  It is further

**ORDERED** that this case is closed.


DATED March 21, 2019.

BY THE COURT:


 s/Philip A. Brimmer_____
PHILIP A. BRIMMER
Chief United States District Judge