IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-CV-00980-PAB-KMT

MELISSA RENEE GOODALL, JEREMY WAYDE GOODALL, SHAUNA LEIGH ARRINGTON, JEFFERY PHILLIP ARRINGTON, KARLA JO KROEKER, RYAN MARK TIPPLE, REP. DOUGLAS LAMBORN, and LAMBORN FOR CONGRESS,

    Plaintiffs,

v.

JENA GRISWOLD, in her official capacity as Colorado Secretary of State,

    Defendant.

**NOTICE WITH REGARD TO SETTLEMENT AGREEMENT
FOR ATTORNEY FEES AND BILL OF COSTS**

Pursuant to 42 U.S.C. § 1988, Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1, Melissa Renee Goodall, Jeremy Wayde Goodall, Shauna Leigh Arrington, Jeffery Phillip Arrington, Karla Jo Kroeker, Ryan Mark Tipple, Rep. Douglas Lamborn and Lamborn for Congress (the "Plaintiffs"), by and through their counsel, hereby submit this Notice with Regard to Settlement Agreement for Attorney Fees and Bill of Costs. In support, Plaintiffs state as follows:

1. On April 30, 2018, this Court held a preliminary injunction hearing on Plaintiffs' Motion for Preliminary Injunction, and subsequently issued a 24-page Order concluding, *inter alia*, that Plaintiffs had "made a strong showing that they are likely to succeed on the merits of their First Amendment claim." Order filed May 1, 2018 (Docket No. 44).

2. Specifically, this Court determined that Plaintiffs were likely to succeed on their claim that the residency requirement for petition circulators contained in Colo. Rev. Stat. § 1-4-905(1) is subject to strict scrutiny under the First Amendment, and that the Secretary of State had not demonstrated that the requirement is narrowly tailored to protect the integrity of the petition

process. This Court therefore preliminarily enjoined then-Defendant Wayne W. Williams from enforcing the residency requirement, and further ordered that Plaintiff Douglas Lamborn be certified to the 2018 Republican primary ballot for the Fifth Congressional District. Order filed May 1, 2018 (Docket No. 44).

3. After this Court's order granting the preliminary injunction, the parties jointly moved to consolidate the preliminary injunction hearing with the trial on the merits pursuant to Fed. R. Civ. P. 65(a)(2), and for entry of final judgment. In response, this Court ordered the parties to submit a proposed order and supplemental brief addressing the scope of relief sought. (Docket No. 67).

4. This Court granted the parties' Joint Motion to Consolidate Preliminary Injunction Hearing with Trial on the Merits and for Entry of Judgement on March 22, 2019, awarding costs and directing Plaintiffs to file a Bill of Costs with the Clerk of the Court within fourteen days of the March 22nd order (Docket No. 69), and entered Final Judgment on March 25, 2019, in favor of Plaintiffs and against Defendant, permanently enjoining the Colorado Secretary of State from enforcing those portions of Colo. Rev. Stat. § 1-4-905(1) that require petition circulators to be registered voters and residents of the State of Colorado. (Docket No. 70).

5. Secretary of State Jena Griswold, who was elected in November 2018 and assumed office in January 2019, has been substituted as the Defendant pursuant to Fed. R. Civ. P. 25(d).

6. Under 42 U.S.C. § 1988, "In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318 [20 U.S.C. 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C. 2000bb *et seq*.], the Religious Land Use and Institutionalized Persons Act of 2000 [42 U.S.C. 2000cc *et seq*.], title VI of the Civil Rights Act of 1964 [42 U.S.C. 2000d *et seq*.], or section 12361 of title 34, the court,

in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction."

7. Here, attorney fees are awardable as part of costs, pursuant to statute, and are appropriate in this case.

8. The parties have conferred with respect to this Notice, and have reached a settlement agreement with respect to the payment of reasonable attorney fees and costs incurred by Plaintiffs through March 28, 2019, in connection with the proceedings before this Court.

9. Plaintiffs reserve all rights with respect to recovery of additional attorney fees and costs in connection with any appellate proceeding involving this case.

WHEREFORE, and in light of the agreed-upon settlement between the parties with respect to Plaintiff's attorney fees and costs, Plaintiffs hereby provide notice to the Clerk of the Court that they will not submit a Bill of Costs in connection with this matter.

Dated this 5th day of April, 2019.

Respectfully submitted,

HALE WESTFALL, LLP

/s/ *Ryan R. Call, Esq.*
Ryan R. Call, 37207
1400 16th Street, Suite 400
Denver, Colorado 80202
Phone: 720-904-6010
Email: rcall@halewestfall.com